```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

| | | |
|---|---|---|
| ONIX CORNEJO, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. H-07-2571 |
| | § | |
| SY FOOD, INC., d/b/a FOOD | § | |
| WORLD, and SALAH YOUSEF, | § | |
| | § | |
|     Defendants. | § | |

## ORDER

Presently pending before the court[1] is Plaintiff's Motion for Partial Summary Judgment (Docket Entry No. 53) and the response filed thereto. In the motion, Plaintiff seeks a partial summary judgment on the number of overtime hours he worked for the period August 8, 2005, to December 31, 2005, based on partial findings in the court's Memorandum and Recommendation (Docket Entry No. 48) and the Order Adopting Memorandum and Recommendation (Docket Entry No. 49). Plaintiff also seeks liquidated damages. For the reasons discussed below, Plaintiff's motion is **DENIED**.

### I.  Summary Judgment Standard

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); <u>Brown v. City of Houston, Tex.</u>, 337 F.3d 539, 540-41 (5th Cir.

---

[1] On April 23, 2009, the parties consented to proceed before the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).  <u>See</u> Docket Entry No. 50.

2003).  A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>Ameristar Jet Charter, Inc. v. Signal Composites, Inc.</u>, 271 F.3d 624, 626 (5th Cir. 2001).  To be genuine, the dispute regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party.  <u>Anderson</u>, 477 U.S. at 250; <u>TIG Ins. Co. v. Sedgwick James of Wash.</u>, 276 F.3d 754, 759 (5th Cir. 2002).

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues.  <u>Celotex Corp.</u>, 477 U.S. at 323; <u>Topalian v. Ehrman</u>, 954 F.2d 1125, 1131 (5th Cir. 1992).  If the moving party can show an absence of record evidence in support of one or more elements of the case for which the nonmoving party bears the burden, the movant will be entitled to summary judgment.  <u>Celotex Corp.</u>, 477 U.S. at 322.  In response to a showing of lack of evidence, the party opposing summary judgment must go beyond the pleadings and proffer evidence that establishes each of the challenged elements of the case, demonstrating that genuine issues of material fact do exist that must be resolved at trial.  <u>Id.</u> at 324.

## II.  Analysis

Plaintiff, Onix Cornejo, was hired by Defendants SY Food, Inc., and Salah Yousef ("Yousef") in March 2002 as the produce manager for its grocery store, Food World.[2]  In the present suit, Plaintiff claims that he worked in excess of forty hours per week and is entitled to overtime pay.

In an earlier motion for summary judgment, Defendants argued that Plaintiff was an employee falling within the administrative exemption to the FLSA's overtime requirement.  See 29 U.S.C. § 213(a)(1).[3]  The court found that Cornejo did not earn the requisite salary amount to qualify for the administrative exemption from August 8, 2005, to December 31, 2005, and therefore he was entitled to some amount of overtime pay.  The court found that as of September 1, 2006, Plaintiff qualified for the administrative employee exemption from the overtime pay provisions of the FLSA. Finally, with respect to the time period January 1, 2006, through August 31, 2006, the court found that a fact issue concerning the amount of money Plaintiff earned per week precluded summary judgment in either party's favor.

In the present motion, Plaintiff argues that he worked fifty-

---

[2] Plaintiff's Motion for Summary Judgment, Docket Entry No. 42 ("PMSJ"), Ex. A, Deposition of Salah Yousef, p. 13.

[3] 29 U.S.C. § 213(a) states, in pertinent part:

> The provisions of section 206 [minimum wage] . . . and section 207 [maximum hours] . . . shall not apply with respect to
>
> (1) any employee employed in a bona fide executive, administrative or professional capacity. . . .

five hours per week from August 8, 2005, to December 31, 2005, that his overtime pay rate was four dollars per hour, that he worked fifteen hours per week overtime, and that he is owed sixty dollars per week for twenty weeks for unpaid overtime.[4]  He also seeks liquidated damages in a like amount.

In response to the present motion, Defendants deny that Plaintiff worked fifty-five hours per week as he claims.  In support, Defendants cite to the testimony of Defendant Yousef, owner of Defendant SY Food, Inc.  Yousef stated in his deposition that during the initial period of Plaintiff's employment, Plaintiff worked from 7:00 a.m. to 5:00 p.m., six days per week.[5]  Youself testified, some years later, Plaintiff worked from 8:00 a.m. to 4:00 p.m., six days per week and took an hour off for lunch.[6]

Defendant also cites the court to Plaintiff's answers to interrogatories wherein he stated that he worked fifty-five hours per week until some time in 2005, when his hours increased to sixty-two per week,[7] and Plaintiff's deposition testimony wherein he averred that occasionally he started work after 7:00 a.m. and

---

[4] Plaintiff's Motion for Partial Summary Judgment, Docket Entry No. 53, p. 2.

[5] Defendants' Response to Plaintiff's Motion for Partial Summary Judgment, Docket Entry No. 54, Ex. 2, Deposition of Salah Yousef, p. 32.

[6] Id. at pp. 33-34.

[7] Defendants' Response to Plaintiff's Motion for Partial Summary Judgment, Docket Entry No. 54, Ex. 3, Plaintiff's Answers to Interrogatories, pp. 4, 12.

occasionally left work at 3:45 p.m.[8]

In light of the foregoing, there appears to be a material issue of fact concerning the number of hours of overtime hours Plaintiff actually worked during the time period in issue. Plaintiff's motion for partial summary judgment is **DENIED**. Trial remains set for July 6, 2009, at 9:00 a.m.

**SIGNED** this 9th day of June, 2009, in Houston, Texas.

Nancy K. Johnson
United States Magistrate Judge

---

[8] Defendants' Response to Plaintiff's Motion for Partial Summary Judgment, Docket Entry No. 54, Ex. 4, Plaintiff's Deposition, pp. 91-92.