IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ONIX CORNEJO,                     §
                                  §
     Plaintiff,                   §
                                  §
v.                                §   Civil Action No. H-07-2571
                                  §
SY FOOD, INC., d/b/a FOOD         §
WORLD, and SALAH YOUSEF,          §
                                  §
     Defendants.                  §

## ORDER

Presently pending before the court[1] are Plaintiff's Motion for Entry of Judgment (Docket Entry No. 85), Plaintiff's Motion for Attorney's Fees and Costs (Docket Entry No. 86), and the responses filed thereto.

**A.  Plaintiff's Motion for Judgment**

In an earlier memorandum,[2] the court found that Plaintiff was exempt from the Fair Labor Standards Act's ("FLSA") overtime requirement from September 1, 2006, to the time of his termination based on the administrative exemption.  The court also found that Plaintiff did not qualify for the administrative exemption from August 8, 2005, to December 31, 2005, because he earned less than $455 per week.[3]  The court found that there were fact issues concerning the date on which Plaintiff earned $455 or more per week and the number of overtime hours Plaintiff worked each week prior

---

[1]     On April 23, 2009, the parties consented to proceed before the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).  See Docket Entry No. 50.

[2]     See Memorandum and Recommendation, Docket Entry No. 48, p. 20.

[3]     Id.

to his receipt of a $455 per week salary.[4]

On July 8, 2009, the jury found that Plaintiff earned in excess of $455 per week as of June 1, 2006.[5]  The jury also determined that for the period August 8, 2005, to December 31, 2005, Plaintiff worked twenty-six and one-half hours of overtime per week and that Plaintiff worked ten hours overtime per week for the period January 1, 2006, to June 1, 2006.[6]

The jury also found that Defendants willfully violated the FLSA.[7]  Based on that finding, the applicable limitations period increased to three years.  Considering, then, the three-year period prior to filing the present suit, the jury found that Plaintiff worked ten hours per week overtime from August 23, 2004, to August 7, 2005, earning $425 per week from August 23, 2004, to May 31, 2005, and $450 per week for the period June 1, 2005, to August 7, 2005.[8]

Based on these findings, Plaintiff moved for entry of judgment for overtime wages due and liquidated damages.  Specifically, Plaintiff sought damages in the following amounts:

    1.  August 23, 2004, to May 31, 2005:     $1,572.00

    2.  June 1, 2005, to August 7, 2005:     $  416.00

    3.  August 8, 2005, to December 31, 2005:    $4,504.29

---

[4]    Id.

[5]    Court's Instructions and Jury Verdict, Docket Entry No. 81, p. 8.

[6]    Id. at p. 9.

[7]    Id.

[8]    Id. at p. 10.

2

4.  January 1, 2006, to May 31, 2006:        $  875.00

Plaintiff and Defendants agreed on the calculations for categories 1, 2, and 4.   Defendants calculated Plaintiff's damages for category 3 as $2,315.00 and disputed the method used by Plaintiff to arrive at his requested amount.   A hearing was held on this dispute on August 20, 2009.   At the hearing, the parties agreed that $3,483.90 was the appropriate amount of back pay attributable to the period August 8, 2005, to December 31, 2005.   In light of the parties' agreement on all time periods, the court will enter judgment for past-due overtime wages in the amount of $6,346.90.

In addition to the above damages, Plaintiff also seeks a like amount in liquidated damages.   Pursuant to the FLSA, an employer who violates its overtime provisions shall be liable for "an additional equal amount as liquidated damages."   29 U.S.C. § 216(b).   The FLSA permits the court to decline to award or reduce the amount of liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]."  29 U.S.C. § 260.

The Fifth Circuit has held that an employer who has been found to have willfully violated the FLSA could not have acted in good faith when considering whether to reduce the amount of liquidated damages awarded under 29 U.S.C. § 260.   Singer v. City of Waco, Tex., 314 F.3d 813, 823 (5 th Cir. 2003).   Accordingly, the court awards liquidated damages in the full amount of $6,346.90.

3

**B.  Motion for Attorney's Fees**

The FLSA provides for the imposition of costs and attorney's fees in favor of the prevailing party.  29 U.S.C. § 216(b).  In determining the amount of fees to be awarded, the court must use the "lodestar" method.  <u>Strong v. Bellsouth Telecomm., Inc.</u>, 137 F.3d 844, 850 (5th Cir. 1998).

Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers.  Then, the district court must multiply the reasonable hours by the reasonable hourly rates.  The product of this multiplication is the lodestar, which the district court then either accepts or adjusts upward or downward, depending on the circumstances of the case.  <u>La. Power & Light Co. v. Kellstrom</u>, 50 F.3d 319, 324 (5 <sup>th</sup> Cir. 1995), <u>cert. denied</u>, 516 U.S. 862 (1995) (internal citations omitted).  The party requesting attorney's fees has the burden to demonstrate entitlement to the fees and to document the hours expended and the hourly rate.  <u>Id</u>.

The principle underlying this "lodestar" framework is that the attorney's fees awarded should be reasonable.  Reasonableness is determined by consideration of twelve factors.  <u>Von Clark v. Butler</u>, 916 F.2d 255, 258 (5th Cir. 1990).  These factors are: (1) the time and labor involved; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to the case; (5) the customary fee; (6) whether the fee is

4

fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship between the attorney and the client; and (12) awards in similar cases. Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5 th Cir. 1974), overruled on other grounds, Blanchard v. Bergeron, 489 U.S. 87 (1989).

First, the court will consider the hourly rate billed and then review the number of hours expended in preparing the case.

### 1. Hourly Rate

In his declaration, Mr. Moulton affirmed that his billing rate was $225.00 per hour.[9]  Mr. Moulton has been licensed three and one-half years and he has worked almost exclusively on wage and hour cases during that time.  His billing rate is supported by the declaration of Richard Burch, the managing shareholder of Moulton's employer.[10]  Mr. Burch has litigated hundreds of cases brought under the FLSA over the course of twelve years and his experience in this field entitles him to render an opinion on fees.

Defendants interpose several objections to Mr. Moulton's hourly rate.  Defendants argue that $225 is not a reasonable rate for an attorney having less than four years experience, pointing to the fact that a nine-year associate at Plaintiff's firm, Michael K.

---

[9]     Plaintiff's Motion for Attorney's Fees and Costs, Docket Entry No. 86, Ex. 2, Declaration of David Moulton, p. 4.

[10]     Plaintiff's Reply to Defendants' Motion to Strike, Docket Entry No. 89, Ex. 2, Declaration of Richard J. Burch, p. 2.

Burke, charges only $250 per hour, a monetary difference, they argue, that is not in proportion to the difference in experience. Defendants also point the court to the fact that, in 2007, Mr. Moulton was awarded $185 per hour in a FLSA case that he second-chaired. Finally, Defendants argue that their attorney, Mr. Costea, who has been licensed fourteen years, was awarded $185 per hour in a state court FLSA case in 2005 and was awarded $225 per hour in a discrimination lawsuit filed in state court in 2007. Defendants contend that a reasonable hourly rate is $200 per hour or less.

The court has considered the above arguments and finds $225 is a reasonable hourly rate. Defendants have interposed no objection to the $250 hourly rate charged by Mr. Burke and the court finds that it is a reasonable fee for the type of work performed.

### 2. Number of Hours Charged

Mr. Moulton avers that he spent 263.6 hours on the case and that Mr. Burke spent 2.25 hours on the case. Defendants generally argue that these hours must be reduced based on Plaintiff's level of success. Defendants also argue that their attorney only spent 147 hours on the case and the expenditure of an additional 119 hours "can only be explained by the excessive and duplicative work and research" performed by Plaintiff's counsel.[11]

The court makes the following rulings to Defendants' specific objections. Defendants' objection to 0.8 hours spent on

---

[11]    Defendants' Response to Plaintiff's Application for Attorney's Fees, Docket Entry No. 93, p. 4.

6

researching their available assets to collect on a possible judgment is **OVERRULED** as it is not unreasonable to determine if a judgment can be collected prior to instituting a lawsuit.

Defendants' objection to the expenditure of 4.0 hours attorney time researching and drafting a motion to strike the pro se answer of SY Food World, Inc., is **OVERRULED**.  It is not unreasonable to require Defendants to pay for attorney time made necessary because of their actions filing a pro se answer on behalf of a corporation.

Defendants object to Moulton's 2.0 hours travel time to and from Plaintiff's home on August 26 and September 3, 2008, in connection with Plaintiff's deposition.  Plaintiff's counsel responds that he should be paid for at least one hour of the travel time because he was counseling Plaintiff during the trip.  The court agrees that such counseling during travel is chargeable time.  However, Plaintiff has not established the necessity that his attorney chauffeur him to and from the depositions, hence the time expended by counsel when Plaintiff was not being counseled is not reasonable.  Defendants' objection is **SUSTAINED IN PART**.  One hour will be subtracted, representing travel time when Plaintiff was not in the vehicle being counseled by his attorney.

Defendants object to time expended by Plaintiff in resisting the production of his tax returns.  Plaintiff responds that research was necessary because he had not filed tax returns for the years of his employment with Defendants.  As the research was made necessary by Plaintiff's decisions not to file returns, the court **SUSTAINS** Defendants' objection to time spent defending this issue

in the amount of 5.7 hours.

Defendants object to time expended on a May 2009 motion for summary judgment on which Plaintiff did not prevail.  The court agrees that based on the summary judgment evidence appended to the first round of summary judgment motions, it should have been obvious that issues of fact would preclude entry of even a partial summary judgment.  The court **SUSTAINS** Defendants' objection to 9.2 hours spent on the unsuccessful motion.

Defendants object to 9.0 hours spent by Plaintiff's counsel researching and drafting a response to Defendants' motion for protection as unreasonable.  Plaintiff's counsel responds that the amount of research was necessary because Defendants had accused him of barratry.  The court **OVERRULES** Defendants' objections on this issue as the allegations they raised were serious and deserved a considered response.

Defendants object to the number of hours spent by Plaintiff's counsel preparing for trial, and writing the pretrial order, jury instructions, and motion in limine.  The court has reviewed these hours and finds them to be substantial but not unreasonable. Defendants' objection is **OVERRULED**.

Defendants object to 2.25 hours expended by Mr. Burke for research on two issues on which Plaintiff did not prevail.  The court agrees that 1.5 hours are not properly chargeable to Defendants because Plaintiff was unsuccessful in arguing the admissibility of hearsay statements by co-workers and **SUSTAINS IN PART** Defendants' objection.  Plaintiff has provided an explanation

8

for one research hour on the salary test/day rate of pay issue and the court finds that such research was not unreasonable.

In light of the foregoing, the court determines the number of hours reasonably expended by Mr. Moulton to be 247.7 and the number of hours reasonably expended by Mr. Burke to be 0.75.  Thus the lodestar fee is $55,920.[12]

The court must next determine whether the lodestar amount should be adjusted based on the <u>Johnson</u> factors.

<u>Time and labor involved</u>:  This factor was subsumed in the court's calculation of the lodestar amount.  <u>See</u> <u>Shipes v. Trinity Indus.</u>, 987 F.2d 311, 320 (5th Cir. 1993).

<u>Novelty and difficulty of the issues</u>:  Although this case is a FLSA action, and hence required some specialized knowledge, it did not involve novel or complex legal issues.  No adjustment of the lodestar is necessary.

<u>Skill required to perform the legal services properly</u>:  This factor is inapplicable to this case.

<u>Preclusion of other employment due to this case</u>:  There is no evidence before the court suggesting that this was a factor in this case.  No lodestar adjustment can be made on this basis.

<u>Customary fee</u>:  This factor was incorporated in the court's calculation of the lodestar amount.

<u>Whether fixed or contingent</u>:  This factor is not relevant.

<u>Time limitations imposed by the client or circumstances</u>: There is no argument or evidence that time constraints were a

---

[12] Calculated as: (247.7 x $225) + (0.75 x $250) = $55,920.

9

factor in this case.

Amount involved and results obtained: The lodestar amount included all reasonable fees through trial. Defendants claim that the attorney's fees requested are excessive because Plaintiff was only partially successful and the fees exceed the damages sought. However, Defendants had numerous opportunities to resolve this action by settlement but insisted on a trial, knowing that the amount of recovery could be modest and that fees were recoverable by statute. Therefore, the court finds that Plaintiff's request for attorney's fees is not excessive and should not be reduced for only partial success.

Experience, reputation, and ability of counsel: As this factor was taken into consideration in determining the appropriate hourly rate, no lodestar adjustment needs to be made on this basis.

Undesirability of the case: There is no evidence that this is a factor in this case.

Nature and length of the professional relationship: There is no evidence that this is a factor warranting an adjustment of the lodestar.

Awards in similar cases: The court finds the award of attorney's fees in this case is reasonable under the circumstances and consistent with other awards in similar cases.

There is a strong presumption that the lodestar figure represents a reasonable attorney's fee. R.M. Perez & Assocs., Inc. v. Welch, 960 F.2d 534, 541 (5th Cir. 1992). After carefully considering all of the Johnson factors, the court determines that

their weight is accurately reflected in the lodestar amount and that no departure is necessary.

Accordingly, the court finds no adjustments to the lodestar amount are necessary. Fees are awarded in the amount of $55,920.

### 3. Costs

Plaintiff also seeks recovery of costs in the amount of $2,760.39. Defendants have not interposed an objection to these costs, therefore they are awarded to Plaintiff without reduction.

For the foregoing reasons, the court **GRANTS** Plaintiff's Motion for Entry of Judgment and **GRANTS IN PART, DENIES IN PART** Plaintiff's Motion for Attorney's Fees and Costs.

**SIGNED** at Houston, Texas, this 17th day of September, 2009.

Nancy K. Johnson
United States Magistrate Judge